# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1182V
### Filed: September 2, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RYAN BRITTON, | \* | |
| | \* | |
| Petitioner, | \* | Damages Decision Based on Proffer; |
| | \* | Attorneys' Fees and Costs; |
| | \* | Influenza and Meningococcal Vaccines |
| | \* | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | \* | Administration ("SIRVA"); Special |
| AND HUMAN SERVICES, | \* | Processing Unit ("SPU") |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian J. Muller, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.*
*Sarah Duncan, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## <u>DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS</u>[1]

**Vowell**, Chief Special Master:

On December 8, 2014, Karen Stroup filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"] on behalf of her son, R.B. Petitioner alleged that R.B. suffered a shoulder injury which was caused by the influenza and meningococcal vaccines he received on October 29, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 16, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation.

Approximately four months later, petitioner filed a motion indicating that R.B. had turned 18 years old on August 9, 2015 and was no longer a minor. Motion, filed Aug.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

11, 2015, at 1.  Petitioner requested that the caption be amended to reflect Ryan Britton (formerly R.B.) as petitioner.  *Id.* at 1-2.  I granted petitioner's request.  Order, issued Aug. 13, 2015.

On September 1, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $109,617.48.  Proffer at 2.  According to respondent's Proffer, petitioner agrees to this proposed amount.  *Id.*

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $109,617.48 in the form of a check payable to petitioner, Ryan Britton.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The Proffer further indicated that petitioner should be awarded $16,500.00 for attorneys' fees and costs.  Proffer at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* According to respondent's Proffer, petitioner agrees to this proposed amount.  *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total $16,500.00[3] as a lump sum in the form of a check jointly payable to petitioner Ryan Britton and petitioner's counsel Maximillian J. Muller.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

> **s/Denise K. Vowell**
> Denise K. Vowell
> Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|                                         |   |                              |
|-----------------------------------------|---|------------------------------|
| RYAN BRITTON,                           | ) |                              |
|                                         | ) |                              |
|     Petitioner,     | ) |                              |
|                                         | ) | No. 14-1182V                 |
| v.                                      | ) | Chief Special Master Vowell  |
|                                         | ) | ECF                          |
| SECRETARY OF HEALTH AND HUMAN           | ) |                              |
| SERVICES,                               | ) |                              |
|                                         | ) |                              |
|     Respondent.     | ) |                              |
|                                         | ) |                              |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 8, 2014, petitioner[1] filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that he suffered an injury to his left shoulder as a result of influenza and meningococcal vaccines administered on October 29, 2013. *See generally* Dkt. 15, Resp.'s Rep. at 1-4. The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA"), and recommending that the Court award petitioner compensation. *Id.* at 4-5. Respondent hereby submits the following proffer regarding the award of compensation.

---

[1] At the time of the Petition's filing, petitioner was a minor. When petitioner reached the age of majority, the caption was amended to reflect Ryan Britton as the sole petitioner.

I.      **Items of Compensation**

A.      Vaccine Injury-Related Items

Respondent proffers that, based on the evidence of record, petitioner should be awarded **$109,617.48**, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

B.      Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorneys' fees and costs in the amount of **$16,500.00**.  Pursuant to General Order #9, petitioner's counsel has represented to respondent's counsel that  petitioner incurred no out-of-pocket expenses in proceeding on the petition.  Respondent proffers that petitioner should be awarded **$16,500.00** for attorneys' fees and costs.  Petitioner agrees.

II.     **Form of the Award**

The parties request that the Chief Special Master's decision and the Court's judgment award the following[2]:

A.  A lump sum payment of **$109,617.48** (representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)), in the form of a check payable to petitioner; and

B.  A lump sum payment of $**16,500.00** in the form of a check payable to petitioner and petitioner's attorney, Maximillian J. Muller, Esq., for attorneys' fees and costs. Petitioner agrees  to endorse this payment to petitioner's attorney.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

**III.** **Summary of Recommended Payments Following Judgment**

    A.     Lump sum paid to petitioner:                            $ 109,617.48

    B.     Reasonable attorneys' fees and costs:               $ 16,500.00

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

s/ Sarah C. Duncan
Sarah C. Duncan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 514-9729
Fax: (202) 616-4310

DATED: September 1, 2015